# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 15-798V

Filed: June 15, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| AMY USCHER, *on behalf of her* | * | |
| *minor child,* M.U., | * | |
| | * | |
| Petitioner, | * | Chief Special Master Dorsey |
| | * | |
| v. | * | Interim Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 28, 2015, Amy Uscher ("petitioner") filed a petition on behalf of her minor child, M.U., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner filed an Amended Petition on September 29, 2015. Petitioner alleged that as a result of receiving "vaccinations" on July 16, 2012, M.U. became non-verbal and exhibited mood swings and tantrums. Amended Petition, ¶ 8. Petitioner further alleged that M.U. suffers from a MTHFR gene mutation that made her "more likely to suffer a vaccine-induced complication." Id. at ¶¶ 9-11.

On May 3, 2015, petitioner's counsel filed a motion to withdraw as counsel of record, accompanied by a motion for interim attorneys' fees and costs. Petitioner's motion to withdraw indicates that petitioner will be proceeding with this matter *pro se*. Pet'r's Motion to Withdraw, at 1. Petitioner requests $13,453.00 in attorneys' fees and $1,081.65 in attorneys' costs, for a

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

total fees and costs request of $14,534.65.  Pet'r's App. at 1.  In accordance with General Order #9, petitioner's counsel states that petitioner did not incur any costs in pursuit of the claim.  Id.

Respondent filed a response to petitioner's application on May 20, 2016, arguing that an award of interim fees is not appropriate in this case, and that in the event interim fees are awarded, the amount requested is too high.  Respondent's ("Resp's") Response at 2-3.  Petitioner did not file a reply.  This matter is now ripe for adjudication.

**I.  Interim Attorneys' Fees**

Interim attorneys' fees and costs are permissible under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  A special master may award reasonable interim attorneys' fees and costs before an entitlement decision is made.  § 15(e)(1); Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1376 (Fed. Cir. 2010).

Respondent argues that interim fees are not appropriate in this case because the circumstances identified in Avera as warranting an interim fee award (protracted proceedings, retention of costly experts, or undue hardship suffered by petitioner) are not present in this case.  Resp's Response at 2-3 (citing Avera, 515 F.3d at 1352).  Respondent states that the proceedings in this case are not particularly protracted, as the case has been pending for less than one year, no experts are involved, and the fact that an attorney plans to withdraw is not necessarily a hardship that triggers an award of interim fees and costs.  Id. (citing McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 300 (2011)).

The undersigned finds an award of interim fees appropriate based on the overall circumstances of this case.  Avera has been interpreted as allowing special masters broad discretion in determining whether to award interim fees.  See Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (internal citations omitted).  Several cases have recognized the withdrawal of counsel as a circumstance under which an award of interim fees may be appropriate.  See, e.g. Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (the special master may consider whether the attorney has withdrawn or been discharged as a factor pertinent to awarding interim fees, particularly where there may be an indefinite delay until the matter is ultimately resolved); Woods v. Sec'y of Health & Human Servs., No. 10-377V, 105 Fed. Cl. 148, 154 (2012) ("The Special Master reasonably concluded that delaying a fee award to counsel who had ended their representation for an indeterminable time until the case was resolved sufficed to constitute the type of 'circumstances' to warrant an interim fee award."); Bear v. Sec'y of Health & Human Servs., No. 11-362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) ("the fact that counsel is withdrawing *can be one* important factor, supporting an interim award"); Smirniotis v. Sec'y of Health & Human Servs., No. 14-617V, 2016 WL 859057, at *2 (Fed. Cl. Spec. Mstr. Feb. 12, 2016) ("paying attorneys when their service is complete is appropriate").

In this case, petitioner's counsel has filed a motion to withdraw, which indicates that "it is [his] understanding that Petitioner will not be seeking new Counsel to represent her in this matter and will instead proceed *pro se*."  Pet'r's Motion to Withdraw, at 1.  The petition has been

pending for 11 months, and petitioner was advised at the Rule 5 status conference in April, 2016, that the undersigned does not believe a reasonable basis exists for petitioner to proceed further with her claim.  Order, dated April 25, 2016, at 3.  Accordingly, the undersigned stated that attorneys' fees and costs would be awarded up to and including the Rule 5 conference, but would not be awarded moving forward.  Id.  It is unknown how long this claim will take to be ultimately resolved, particularly if a substantive Decision is required.  In addition, because the undersigned has determined that no reasonable basis exists for proceeding further with this claim, counsel's current fee application is, in effect, the final fee application for this case, as it encompasses all attorneys' fees and costs that will be paid.  The undersigned it finds it reasonable to award attorneys' fees and costs at this juncture, rather than delay the award for an undetermined amount of time pending an ultimate resolution of the case.

    a. **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Avera, 515 F.3d at 1347-48.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

    i. **Hourly Rates**

Petitioner requests the following hourly rates: $350 per hour for Andrew D. Downing, $195 per hour for Justin N. Redman, $100 per hour for Robert W. Cain, and $100 per hour for Danielle P. Avery.  Pet'r's App., Ex. A, at 24.  These rates are consistent with rates previously found reasonable for Mr. Downing and his associates.  See, e.g. Al-Uffi, 2015 WL 6181669, at *11.  The undersigned also notes that the requested rates are consistent with the rates billed by Mr. Downing and his associates in several cases where fees were awarded pursuant to joint stipulations by the parties.  The undersigned finds the requested rates reasonable.

### ii. Hours Expended

Petitioner requests compensation for 20.40 hours of work performed by Mr. Downing, 3.40 hours of work performed by Mr. Redmond, 34.00 hours of work performed by Mr. Cain, and 22.50 of work performed by Ms. Avery. See generally, Pet'r's App., Ex. A. The undersigned finds most of the hours expended reasonable, with the exception of those identified below.

Several entries in counsel's billing record are identical to other entries billed on the same day. As there is no explanation why such entries have been listed separately, these entries appear to be simply duplicative, and will not be compensated. On August 10, 2015, Ms. Avery billed twice for .10 hours to email Ms. Uscher regarding whether M.U. had seen additional providers referenced in her medical records. Pet'r's App., Ex. A, at 14. On August 28, 2015, she billed twice for .20 hours to "[r]eview file; draft Petitioner's Status Report." Id. at 15. On September 3, 2015, she billed twice for .10 hours to "[r]eceive and review email from Amy Uscher regarding obtaining records from Community Kids; email to Amy Uscher responding to same." Id. On November 10, 2015, she billed twice for .10 hours to receive and review a CM/ECF notification and "process filed copy of Petitioner's Status Report." Id. at 18. Only one status report was filed on November 10, 2015. On January 12, 2016, Mr. Downing billed twice for .10 hours to review and finalize a notice of filing in a supervisory capacity. Id. at 3. Only one notice of filing was filed on January 12, 2016.

Counsel has also billed for some administrative work. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. See, e.g. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (legal assistant services that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fee rates"). Clerical and secretarial work includes tasks such as setting up meetings. See Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Between September 17 and October 7, 2015, Ms. Avery billed 1.10 hours for communications regarding scheduling various conferences. Pet'r's App., Ex. A, at 16-17. This time will not be compensated.

**Accordingly, the undersigned will reduce the time billed by Mr. Downing by .10 hours, and the time billed by Ms. Avery by 1.60 hours.**

Respondent notes that the undersigned informed counsel that no fees would be paid past the Rule 5 status conference on April 21, 2016, because the claim lacked a reasonable basis to proceed. Resp's Response at 4 (citing Order, dated Apr. 25, 2016). Counsel billed a few hours past that date for tasks related to wrapping up the case and filing the fee petition. Although tiem spent on substantive case-work after April 21, 2016, will not be compensated, the undersigned will compensate counsel's time spent preparing the fee application. See Miller v. Sec'y of Health & Human Servs., No. 13-914V, 2016 WL 2586700, *6, *9 (Fed. Cl. Spec. Mstr. Apr. 12, 2016) (awarding fees for substantive work on the case up to the date when the claim lost reasonable basis while pending, and awarding fees for litigation of the fee issue including preparation of the initial fee application).

In this case, Mr. Downing expended 2.70 hours after April 21, 2016, 1.10 of which were spent drafting the motion for interim fees and costs. Pet'r's App., Ex. A, at 4. Mr. Cain expended .40 hours after April 21, 2016, and Ms. Avery expended 1.20 hours after the Rule 5 conference on April 21, 2016. These hours were unrelated to the fee application. Id. at 11, 21-22.

**Accordingly, Mr. Downing's hours will be reduced by 1.60, Mr. Cain's hours will be reduced by .40, and Ms. Avery's hours will be reduced by 1.20.**

Finally, respondent makes a general suggestion that "[b]ased on a survey of interim fee awards in similar cases and her experience litigating Vaccine Act claims, a total reasonable amount for fees and costs in the present case, given its procedural posture, would fall between $8,000.00 and $12,000.00, given the early stage of this case (i.e. two status conferences, no experts, and no hearing)." Resp's Resp. at 4. Respondent does not specifically identify the "similar cases" upon which her suggestion is based, and the undersigned is impressed that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to a general category of cases. For example, counsel in this case had some difficulty tracking down certain medical records believed to exist. The time records of counsel provide the best evidence of hours expended. The undersigned has reviewed counsel's time records in detail, and finds the reductions described above appropriate.

In sum, counsel's hours will be compensated as follows:

| Attorney | Hours Requested | Reduction | Hours Compensated |
|---|---|---|---|
| Mr. Downing | 20.40 | 1.70 | 18.70 |
| Mr. Redmond | 3.40 | 0.00 | 3.40 |
| Mr. Cain | 34.00 | 0.40 | 33.60 |
| Ms. Avery | 22.50 | 2.80 | 19.70 |

b. **Reasonable Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $1,081.65 in attorneys' costs. Pet'r's App., Ex. A, at 23. The undersigned finds the requested costs, which consist of the filing fee, medical record fees, and federal express, photocopying, and fax charges, to be reasonable.

## II. Conclusion

The undersigned finds a total attorneys' fees and costs award of $13,619.65 reasonable. This represents the following:

| | |
|---|---:|
| Fees Requested | $13,453.00 |
| **Fees Awarded** | **$12,538.00** |
|    Mr. Downing: $6,545.00 (18.70 hours at $350 per hour) | |
|    Mr. Redmond: $663.00 (3.40 hours at $195 per hour) | |
|    Mr. Cain: $3,360.00 (33.60 hours at $100 per hour) | |
|    Ms. Avery: $1,970.00 (19.70 hours at $100 per hour) | |
| **Costs Requested/Awarded** | **$1,081.65** |
| **Total Fees and Costs Awarded** | **$13,619.65** |

The undersigned awards attorneys' fees and costs as follows:

(1) **A lump sum of $13,619.65 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Andrew D. Downing, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[2]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.