ORIGINAL

**REISSUED FOR PUBLICATION**
**3 MAR 2017**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-798V
Filed: February 6, 2017

**FILED**

**FEB - 6 2017**

**U.S. COURT OF FEDERAL CLAIMS**

* * * * * * * * * * * * * *

AMY USCHER, *on behalf of her*
*minor child,* M.U.,

                    Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                    Respondent.

* * * * * * * * * * * * * *

UNPUBLISHED

Chief Special Master Dorsey

Decision; Reasonable Fee for
Expert Consultation; Petitioner's
Unreimbursed Costs

Amy Uscher, Senoia, GA, *pro se*.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON PETITIONER'S COSTS[1]

On February 2, 2017, Amy Uscher ("petitioner") filed a motion for reimbursement of fees. Pet'r's Mot. (ECF No. 47). For the reasons set forth below, petitioner is awarded $2,400.00 for the cost of retaining an expert, but will not be reimbursed for her own time spent prosecuting the claim.

### I.  Procedural History

On July 28, 2015, Amy Uscher ("petitioner") filed a petition on behalf of her minor child, M.U., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner filed an Amended Petition on September 29, 2015. Petitioner alleged that as a result of receiving "vaccinations" on July 16, 2012, M.U. became non-verbal and exhibited mood swings and tantrums. Amended Petition, ¶ 8. Petitioner further alleged that M.U. suffers

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

from a MTHFR gene mutation that made her "more likely to suffer a vaccine-induced complication." Id. at ¶¶ 9-11.

On May 3, 2016, petitioner's counsel, Mr. Andrew Downing, filed a motion for interim attorneys' fees and costs and a motion to withdraw from the case. ECF Nos. 31, 32. The undersigned awarded interim attorneys' fees and costs to petitioner on June 15, 2016. Decision entered on June 15, 2016 (ECF No. 34). The undersigned granted Mr. Downing's motion to withdraw from the case on July 11, 2016. Decision entered on July 11, 2016 (ECF No. 38).

On July 28, 2016, the undersigned held a status conference. See Scheduling Order entered on July 29, 2016. Petitioner appeared *pro se* and Ms. Christine Becer appeared on behalf of respondent. During that status conference, the undersigned stated that M.U.'s medical records do not demonstrate that the vaccine caused her injuries. Therefore, petitioner needed to file an expert report in support of her claim. The undersigned held another status conference with petitioner and Ms. Becer on January 10, 2017. See Scheduling Order entered on January 12, 2017 (ECF No. 46). Petitioner stated that she had paid Dr. Fran Kendall to review M.U.'s medical records and to evaluate whether the vaccine could have caused M.U.'s injuries. Dr. Kendall concluded that there was not enough evidence to support causation between M.U.'s vaccine and her injuries. Accordingly, Dr. Kendall declined to write a report in support of petitioner's claim. The undersigned stated that petitioner had a rational basis for pursuing her claim up to that point and for retaining Dr. Kendall. Therefore, petitioner may seek reimbursement for the expert's invoice.

On February 2, 2017, petitioner filed a motion for reimbursement of fees. Pet'r's Mot., (ECF No. 47). Petitioner requested $2,400.00 for the cost of Dr. Kendall's services. She attached an invoice from Dr. Kendall. Petitioner also asked to be reimbursed for her time on the case, in the amount of $500.00. Therefore, petitioner requests a total of $2,900.00.

## II.   Discussion

The Vaccine Act provides that a petitioner may be compensated for "(A) reasonable attorneys' fees and (B) other costs, *incurred* in any proceeding." § 300aa-11(e)(1) (emphasis added). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293v, 2015 WL 5634323 at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)).

Past Vaccine Program cases have concluded that a cost is only "incurred" when the petitioner assumes a legal obligation. Kooi v. Sec'y of Health & Human Servs., No. 05-438v, 2007 WL 5161800 at *2 (Fed. Cl. Spec. Mstr. Nov. 21, 2007); see also Black v. Sec'y of Health & Human Servs., No. 90-3195, 33 Fed. Cl. 546, 550 (1995) ("One incurs an expense, therefore, at the moment one becomes legally liable..."), aff'd, 93 F.3d 781 (Fed. Cir. 1996); Jessen v. Sec'y of Health & Human Servs., 1995 WL 561714 (Fed. Cl. 1995) (explaining that losing an opportunity to earn money is not incurring an expense). This legal obligation arises most frequently when the petitioner hires another person, such as a lawyer or medical expert, to work

on the case. <u>Kooi</u>, 2007 WL 5161800 at *2 (stating that "in the context of attorneys' fees, a legal obligation can be established through an attorney-client relationship").

In this case, petitioner will be reimbursed for her payment to the expert, Dr. Fran Kendall. Once they agreed on the fee and the expert agreed to review the case, petitioner had a legal obligation to pay that fee. The expense was properly "incurred" under the Vaccine Act. The undersigned finds that this expense was reasonable in nature. The undersigned previously told petitioner that the medical records did not demonstrate a causal relationship between the vaccine and M.U.'s injuries. Therefore, petitioner needed an expert to present a reasonable theory of causation, in order to proceed with the claim. The expense was also for a reasonable amount. The expert asked for $400.00 per hour, which is comparable to hourly rates awarded to other qualified experts in the Program. The expert spent 4.75 hours reviewing medical records and creating a timeline and 1.25 hours corresponding with petitioner. The undersigned will reimburse petitioner for the full amount of the retainer.

As referenced above, the special master can only reimburse a petitioner for reasonable expenses "incurred" in the prosecution of her claim. An expense is only "incurred" when the petitioner has a legal obligation to act. The petitioner is not legally obligated to personally devote time and money towards pursuing a claim. Instead, the petitioner acts based on personal desire to help herself or her close family member. While this behavior is admirable, it is not legally compensable. For that reason, the Vaccine Program consistently denies petitioners' requests to be compensated for their own work, time, and lost wages. For example, in <u>Karbusheva v. Sec'y of Health & Human Servs.</u>, No. 13-040v, 2016 WL 3022101 (Fed. Cl. Spec. Mstr. Feb. 26, 2016), the undersigned ruled that a *pro se* petitioner could not be reimbursed for her own "time spent on the matter." In <u>Kooi v. Sec'y of Health & Human Servs.</u>, No. 05-438v, 2007 WL 5161800 (Fed. Cl. Spec. Mstr. Nov. 21, 2007), then-Chief Special Master Golkiewicz refused to reimburse the petitioner's husband, a lawyer, for the time he spent researching the Vaccine Program, identifying an experienced attorney, and working on the petition. And in <u>Riley v. Sec'y of Health & Human Servs.</u>, No. 90-466v, 1992 WL 892300 (Fed. Cl. Spec. Mstr., Mar. 26, 1992), the special master did not reimburse a father for the time spent pursuing a vaccine injury claim on behalf of his son.

Similarly, in this case, petitioner cannot be reimbursed for time spent pursuing this case, instead of working or taking care of her children. Like the petitioners in <u>Karbusheva</u>, <u>Kooi</u>, and <u>Riley</u>, she was personally invested in the case, but was not legally obligated to spend her time on it. Therefore, she did not personally "incur" any such costs.

**III.   Conclusion**

Based on the foregoing, the undersigned awards attorneys' fees and costs as follows:

> **(1) A lump sum of $2,400.00 in the form of a check payable to petitioner, for reimbursement of expert costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[2]

**IT IS SO ORDERED.**

Dated: 2-6-2017

**Nora Beth Dorsey**
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.