# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: February 17, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| AMY USCHER, *on behalf of her minor child*, M.U., | * * * | UNPUBLISHED |
| Petitioner, | * * | 15-798V |
| v. | * * | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Vaccine Act Entitlement Consultation; Petitioner's Unreimbursed Costs |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Amy Uscher, Senoia, GA, *pro se*.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

## DECISION DISMISSING PETITION[1]

On July 28, 2015, Amy Uscher ("petitioner") filed a petition on behalf of her minor child, M.U., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to 34 (2012).[2] Petitioner filed an Amended Petition on September 29, 2015. Petitioner alleged that as a result of receiving "vaccinations" on July 16, 2012, M.U. became non-verbal and exhibited mood swings and tantrums. Amended Petition, ¶ 8. Petitioner further alleged that M.U. suffers from a MTHFR gene mutation that made her "more likely to suffer a vaccine-induced complication." Id. at ¶¶ 9-11.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On May 3, 2016, petitioner's counsel, Mr. Andrew Downing, filed a motion for interim attorneys' fees and costs and a motion to withdraw from the case. ECF Nos. 31, 32. The undersigned awarded interim attorneys' fees and costs to petitioner on June 15, 2016. Decision entered on June 15, 2016 (ECF No. 34). The undersigned granted Mr. Downing's motion to withdraw from the case on July 11, 2016. Decision entered on July 11, 2016 (ECF No. 38).

On July 28, 2016, the undersigned held a status conference. See Scheduling Order entered on July 29, 2016. Petitioner appeared *pro se* and Ms. Christine Becer appeared on behalf of respondent. Id. The undersigned had reviewed petitioner's medical records and she provided her preliminary tentative findings as to why the medical records did not show causation between the vaccines M.U. received and the injuries alleged. Petitioner has not alleged a Table claim, and there is no evidence of encephalopathy that would create a presumption of causation. Accordingly, petitioner must demonstrate causation in fact, which requires setting forth a medical theory of causation. Petitioner had submitted an expert report from Dr. Dickerson, who opined that the vaccinations caused neurotoxic mercury and aluminum to accumulate in M.U., and that she was susceptible to these toxins due to her MTHFR gene mutation. See Pet. Ex. 13 at 1. The undersigned explained that a number of previous cases in the Vaccine Program had examined theories involving mercury and/ or aluminum toxicity; MTHFR gene mutations; and autism. In all of these cases, there was insufficient evidence to support causation. The undersigned stated that based on her review of the medical records in this case, the theory of causation suggested by Dr. Dickerson, and the theories of causation considered in prior Program cases, she did not believe that petitioner could prevail in this case. Petitioner then requested one final opportunity to file an expert report. The undersigned granted this request. She ordered petitioner to file an expert report presenting different theories than those presented by Dr. Dickerson within sixty days, no later than September 26, 2016.

On September 1, 2016, petitioner contacted chambers by phone and requested an extension of time to file the expert report. The undersigned granted the motion and extended petitioner's deadline to November 15, 2016. See Order filed on September 6, 2016 (ECF No. 41). Petitioner did not meet this deadline. Petitioner filed additional medical records on October 5, 2016. See Exhibit 7a (ECF No. 43). On November 17, 2016, petitioner filed a letter to the undersigned and additional articles. See ECF No. 43.

The undersigned held a status conference with petitioner and Ms. Becer on January 10, 2017. See Scheduling Order entered on January 12, 2017 (ECF No. 46). During the status conference, petitioner stated that she had retained an expert, who reviewed the medical records but then declined to write a report in support of petitioner's claim. The undersigned stated that petitioner was prudent to retain the expert, who agreed that there was insufficient evidence of vaccine causation. The undersigned stated that petitioner had a reasonable basis for pursuing her claim, including paying a retainer to the expert, up to the status conference on January 10, 2017. Petitioner was entitled to request reimbursement of her costs, including the expert's retainer, incurred before that point. However, after the status conference on January 10, 2017, petitioner no longer had a reasonable basis to proceed and she would not be reimbursed for costs incurred after that point.

On February 1, 2017, petitioner filed a motion for reimbursement of costs. Pet'r's Mot. (ECF No. 47). Petitioner requested reimbursement of $2,400.00 for the expert's retainer and $500.00 for her own time on the case. Id. On February 6, 2017, the undersigned issued a decision, which reimbursed petitioner for the full amount of the retainer and explained that petitioner was not entitled to reimbursement for her own time. Decision (ECF No.48).

On January 12, 2017, the undersigned issued an Order to Show Cause why the case should not be dismissed within thirty days, no later than February 13, 2017. See Order to Show Cause entered on January 12, 2017 (ECF No. 45). The order stated that "[f]ailure to do so will be interpreted as an inability to provide supporting documentation for this claim, constituting a failure to prosecute, and the case will be dismissed with prejudice. To date, the undersigned has not received any further documentation or communications from petitioner.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, the medical records are insufficient to establish that the vaccine caused petitioner's injuries and the report from Dr. Dickerson presents theories that have not prevailed in numerous past cases in the Program. Therefore, petitioner must offer another expert report presenting another theory in support of her claim. The undersigned has given petitioner over six months to obtain and file another expert report. However, petitioner has not filed another expert report or given any indication that she will be able to do so.

**Therefore, this case is dismissed for failure to prosecute. The Clerk is directed to ENTER JUDGMENT accordingly.**

**IT IS SO ORDERED.**

Dated: 2-17-2017

Nora Beth Dorsey
Chief Special Master